IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Crestwood Membranes, Inc. d/b/a/ i2M, | ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Hoffinger Industries, Inc., d/b/a Doughboy Recreational, | ) ) ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff Crestwood Membranes, Inc., d/b/a/ i2M ("i2M" or "Plaintiff"), by and through its undersigned counsel, respectfully files this Complaint against Defendant Hoffinger Industries, Inc., d/b/a Doughboy Recreational ("Doughboy" or "Defendant").

## INTRODUCTION

1. This is an action seeking damages for copyright infringement.

2. In May 2009, Plaintiff i2M bought the Mountain Top, PA manufacturing firm known as HPG International, Inc. ("HPG") out of bankruptcy and took over its operations in Mountain Top. HPG manufactured polyvinyl chloride ("PVC" or "vinyl") film and sheet, a thermoplastic material. When HPG went bankrupt, more than 140 employees were thrown out of work. Since i2M took over HPG's operations, there has been a turnaround. Today, i2M employs more than 150 people, and former HPG employees make up over 50% of the workforce.

3. i2M makes vinyl film and sheet for a range of applications, including vinyl swimming pool liner film printed with decorative designs. i2M sells its printed film to companies that use it to line residential swimming pools.

4. When i2M purchased HPG, it acquired HPG's intellectual property rights,

including HPG's right, title, and interest in copyrighted designs suitable for printing on swimming pool liners. i2M has continued to protect its business interests by creating new decorative designs for swimming pool floors and walls, and by protecting those designs through registration at the U.S. Copyright Office.

5. i2M's competitors in the market for swimming pool liners printed with decorative designs include Defendant Doughboy.

6. Typically swimming pool liners are assembled from so-called "floor material," which is usually 72" wide and has a subtle design, and a more boldly designed "wall film" between 39 and 55 inches wide. The lower portion of the pool walls uses floor material and thus features the same subtle design as the floor, while a more eye-catching design is used on the "wall film" around the entire pool at the top of the walls.

7. For a given swimming-pool liner sale, both the subtle floor and the more striking wall designs are purchased from the same vinyl film producer for at least two reasons. First, to ensure that the two pieces of swimming pool liner are chemically and physically compatible such that they can be "welded" or fused together to form a lasting watertight bond. Second, to ensure that, because both designs were printed by the same manufacturer, any color change over time is consistent between the wall and floor.

8. Because both the floor and wall material for a given pool are purchased from the same manufacturer, a lost sale of "wall film," such as the film at issue here, causes a lost sale of the entire pool.

**PARTIES**

9. Plaintiff i2M is a Pennsylvania domestic corporation with its principal place of business at 755 Oak Hill Road, Mountain Top, Luzerne County, Pennsylvania 18707.

10. On information and belief, Defendant Doughboy is a Delaware corporation with offices in California and Mississippi, a registered agent in Sussex County, Delaware, and a manufacturing plant at 315 North Sebastian Street, West Helena, Arkansas 72390.

## JURISDICTION AND VENUE

11. This is a civil action seeking damages for copyright infringement under the Patent Act, 17 U.S.C. § 101, *et seq.*

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.

13. This Court has personal jurisdiction over Defendant, consistent with the "long arm" statute of the Commonwealth of Pennsylvania, 42 Pa. Consol. Stat. Ann. § 5322, at least because Doughboy transacts business in the Commonwealth and in this District; Doughboy has caused harm and tortious injury in the Commonwealth and in this District; and the Court's exercise of personal jurisdiction over Doughboy is consistent with the Due Process Clause of the United States Constitution.

14. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1400(a) because Defendant resides and/or may be found in this District within the meaning of 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

15. One of i2M's designs, "Mountain Top," is, and has been at all times pertinent to this litigation, protected by copyright registration VA0002089399. A true and correct copy of the covered design is attached as **Exhibit A** hereto.

16. i2M has sold swimming pool liner film printed with the "Mountain Top" design throughout the United States since approximately 2011.

17. On information and belief, i2M sells pool liner film printed with various proprietary patterns, including "Mountain Top," through some of the same dealers Doughboy uses to sell Doughboy's swimming pool liners.

18. In January 2018, Doughboy was an exhibitor at the National Pool and Spa trade show in Atlantic City, New Jersey ("2018 Trade Show"). At the 2018 Trade Show, i2M's founder, President and CEO, Christopher L. Hackett, saw in the Doughboy booth vinyl samples depicting available decorative designs for Doughboy swimming pool liners.

19. One of the designs struck him as virtually identical to i2M's copyrighted "Mountain Top" design. Mr. Hackett then inquired at the Doughboy booth who he could speak to about the designs and was introduced to Doug Hollowell, President of Doughboy. Mr. Hackett expressed his concern about the design and set up a call with Mr. Hollowell following the trade show.

20. During the call, Mr. Hackett reiterated his concern that Doughboy was selling a pool liner design (the "Infringing Design") that appeared to have been copied, without permission, from i2M's "Mountain Top" design.

21. Mr. Hollowell assured Mr. Hackett that Doughboy would stop selling the Infringing Design.

22. Some 12 months later, between January 28-30, 2019, Mr. Hackett again attended the annual Pool and Spa Show in Atlantic City, New Jersey (the "2019 Trade Show"). Doughboy was again an exhibitor at this show.

23. While at the 2019 Trade Show, Mr. Hackett visited the Doughboy booth. He observed that despite his discussion with Mr. Hollowell the previous year, in which Mr. Hollowell had assured him that Doughboy would stop offering the Infringing Design for sale, the

Infringing Design was nevertheless again displayed on the wall of the Doughboy booth, alongside other available products.

24. Mr. Hackett took a photograph of the display. A true and correct copy of that photograph is attached as **Exhibit B** hereto.

25. As shown in the photograph at Exhibit B, the Infringing Design was displayed as it might appear in a completed swimming pool, with the bold, eye-catching Infringing Design used as trim around the top of the pool, above a subtler design that would occupy the lower part of the wall.

26. As shown in a comparison between Exhibits A and B, Doughboy's Infringing Design is strikingly similar to i2M's copyrighted "Mountain Top" design in look, composition and color.

27. Indeed, Doughboy's Infringing Design is essentially identical to "Mountain Top" in its pattern: a line of isosceles triangles runs horizontally, forming a base on which sit rectangular bricks arranged in a series of interlocking L-shapes tilted at 90 degrees from the vertical. Between each set of bricks sits a square brown tile. In both patterns, this square brown tile is oriented to form a diamond and features a symmetrical abstract design in a darker shade of brown.

28. With respect to color, Doughboy's Infringing Design not only borrows the same irregular blue and light brown tones in the brick shapes, but also employs the same color contrast between the darker blue of the brick shapes and the lighter blue of the triangles.

29. On information and belief, Defendant Doughboy has multiple distributors within the Commonwealth and within this District, including at least two in Luzerne County.

## COUNT ONE

### (Copyright Infringement under 17 U.S.C. § 501)

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 above as if fully set forth herein.

31. Defendant had no license, authorization, permission or consent to copy, distribute, prepare derivative works based upon, display, sell, or otherwise use Plaintiff's copyrighted "Mountain Top" design in 2018, when it displayed the Infringing Design at the 2018 Trade Show attended by Plaintiff's CEO, Mr. Hackett.

32. Defendant actually knew that it had no such license, authorization, permission or consent, in January 2019, when it again displayed the Infringing Design at the 2019 Trade Show.

33. On information and belief, Defendant has sold at least thousands of square yards of pool liner film featuring the Infringing Design.

34. On information and belief, multiple consumers have chosen the Infringing Design and had it installed, together with a Doughboy floor liner, in their swimming pools.

35. Defendant's acts of infringement are willful, intentional, purposeful, in bad faith, in disregard of and with indifference to Plaintiff's rights.

36. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to actual damages in an amount to be proven at trial, pursuant to 17 U.S.C. § 504(a).

37. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

38. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

39. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff i2M respectfully requests that this Court award the following relief:

1. Money damages in such amount as may be found, or as otherwise permitted by law;

2. An accounting of, and the imposition of a constructive trust with respect to, Defendant's profits attributable to its infringement of Plaintiff's copyrighted design;

3. Prejudgment interest according to law;

4. Plaintiff's attorneys' fees, costs, and disbursements in this action; and

5. All such other relief as this Court may deem just and proper.

Dated:  May 24, 2019

Respectfully submitted,

By:  /s/ Susan Metcalfe
PA I.D. 85703
Eliza K. Hall
PA I.D. 205508
Potomac Law Group, PLLC
1300 Pennsylvania Ave. NW
Washington, DC 20004
Phone: (202) 204 3005
Facsimile: (202) 318 7707
smetcalfe@potomaclaw.com

Counsel for Plaintiff Crestwood Membranes, Inc., d/b/a/ i2M